IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GBEKE MICHAEL AWALA                          *
              Plaintiff,
    v.                                       *       CIVIL ACTION NO. JFM-06-1052

ALBERTO R. GONZALES                          *
EDWARD DURANT
THOMAS WARD HUSSEY                           *
LINDA SUSAN WENDTLAND
HOMELAND SECURITY DEPARTMENT       *
 BORDER PROTECTION
 IMMIGRATION AND CUSTOMS            *
ENFORCEMENT
              Defendants.              *
                           ***

## MEMORANDUM

On April 26, 2006, plaintiff, an inmate housed at the Federal Detention Center in Philadelphia, Pennsylvania, filed this civil rights complaint for damages against the U.S. Attorney General, Office of Immigration Litigation counsel, Immigration District Counsel, and various federal agencies, alleging that defendants have: (i) "engrossed" his legal documents resulting in his "false arrest" and conviction in the U.S. District Court for the District of Delaware;[1] (ii) failed to protect his rights to grant him his "birthright"; (iii) failed to establish policies to ensure that he was treated and recognized as a U.S. National and allowed to "regain back his U.S. Citizenship;" (iii) deprived him of procedural due process when they sought to dismiss his 8 U.S.C. § 1252(b) petition for review as untimely; and (iv) maintained an anti-immigration policy.

The complaint was not accompanied by the $350.00 filing fee.  Assuming plaintiff wishes to proceed in forma pauperis, his action may not proceed.  Plaintiff has accumulated three "strikes"

---

[1]     On January 18, 2006, a jury convicted plaintiff of illegal re-entry after deportation, in violation of 18 U.S.C. § 1326.  *See United States v. Awala*, Criminal No. KAJ-04-90 (D. Del).  He is currently scheduled to be sentenced on May 11, 2006.

or dismissals of his prior prisoner civil actions pursuant to 28 U.S.C. § 1915(e).[2]  28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in ac civil action or proceeding under this section if the prisoner on 3 or more prior occasion, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoners is under imminent danger of serious physical injury.

This case does not fall under the "imminent danger" exception to § 1915(g).  *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *see also Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3d Cir. 2001) (en banc).  Plaintiff is therefore not entitled to leave to proceed in forma pauperis.

A separate Order will be entered dismissing the action without prejudice.  Plaintiff is advised that he may re-file this action upon payment of the $350.00 civil filing fee.[3]  A separate Order shall follow.

Date:   May 8, 2006                         /s/_____
                                            J. Frederick Motz
                                            United States District Judge

---

[2]    *See Awala v. Delta Air Lines*, Civil Action No. JEC-05-2128 (N.D. Ga. Aug. 31, 2005); *Awala v. Wachovia Corp.*, No. 05-3381 (3rd Cir. Dec. 8, 2005); *Awala v. People Who Want to Restrict Our First Amendment Rights*, No. 05-3863 (3rd Cir. Dec. 8, 2005); *Awala v. Delaware River and Bay Auth. Police Dep't*, Civil Action No. KAJ-05-97 (D. Del. Dec. 15, 2005); *Awala v. State of New Jersey Dep't of Corrections*, Civil Action No. FLW-05-2362 (D. N.J. Aug. 23, 2005; and *Awala v. Federal Pub. Defender*, Civil Action No. KAJ-05-281 (D. Del. Aug. 5, 2005). This court will continue to rely on those rulings to enter § 1915(g) dismissals when appropriate.  *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998 ) (district court must cite specific case information upon which it issued a § 1915(g) dismissal).

[3]    This should not be construed as an opinion that a re-filed, fee-paid complaint for damages and declaratory relief would go forward.  Plaintiff's complaint relates to his illegal reentry conviction in the U.S. District Court for the District of Delaware and it may not proceed unless he demonstrates that his federal conviction has been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).